# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURTIS JAMES LAY, # 18851-016 | : | Civil Action No. PJM-11-1421 |
| | : | Criminal Action No. PJM-97-313 |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | |

oo0oo

**MEMORANDUM OPINION**

Pending is Curtis James Lay's (Lay) Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. The motion will be dismissed without prejudice for lack of jurisdiction for the reasons that follow.

**Background**

Lay was convicted by a jury for violations of 18 U.S.C.A. § 922(g) (1), possession of ammunition by a convicted felon, and 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine base, and sentenced to 300 months incarceration. His convictions and sentences were affirmed on appeal. *See United States v. Lay*, 182 F.3d 911 (unpublished) (4th Cir. 1999).

Lay's first § 2255 Motion was denied on February 21, 2001. ECF Nos. 42 and 43. On April 20, 2009, Lay's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582 based on Amendment 706 to the United States Sentencing Guidelines was granted and his sentence was reduced to 235 months for the cocaine base offense. ECF No. 72. On May 25, 2011, Lay filed the instant § 2255 motion.

**Analysis**

This is Lay's second §2255 motion. Federal district courts lack jurisdiction to consider second or successive § 2255 motions unless directed to do so by the Court of Appeals. *See* 28 U.S.C. §§ 2244 (b)(3)(A) and 2255; *In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Since Lay

provides no evidence that he has obtained pre-filing authorization from the Fourth Circuit, this petition will be dismissed without prejudice by separate order to follow.[1]

Accompanying this memorandum is a packet of instructions published by the Fourth Circuit which addresses the comprehensive procedure to be followed to request authorization to file a successive § 2255 motion. It is to be emphasized that Lay must obtain permission from the Fourth Circuit to file a second or successive petition before this district court may examine his claims.

**Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §2255, the Court is required to issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A COA is a "jurisdictional prerequisite" to an appeal from the court's earlier order, *see United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007), which may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the Court denies a motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Where a motion is denied on a procedural ground, a COA will not issue unless the petitioner can demonstrate both "(1) that

---

1  Lay's motion to hold his successive § 2255 petition in abeyance until "Congress votes on the retroactive application of the Fair Sentencing Act of 2010" (ECF No. 97) will be denied. The Fair Sentencing Act of 2010 ("FSA"), which reduces the cocaine and cocaine base ("crack") disparity by amending the drug quantities triggering statutory penalties, does not expressly provide for retroactive application  Recently, the Fourth Circuit held that the FSA does not apply retroactively. *See United States v. Bullard*, _F.3d _ 2011 WL 1718894 (4th Cir. May 6, 2011). The United States Sentencing Commission has modified the guidelines range to implement the FSA, but has not yet determined whether any such amendment will be apply retroactively. *See* Notice of Proposed Amendment, 76 Fed. Reg. 3193–02 (January 19, 2011). In the event of future action by the Commission, Lay might consider seeking a reduction in his sentence based on 18 U.S.C. § 3582(c) (2).

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.2001) (quotation marks omitted). Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Lay does not satisfy this standard, the Court will not issue a COA.

**Conclusion**

For the foregoing reasons, the Motion to Vacate, Set Aside or Correct will be dismissed without prejudice for lack of jurisdiction and a COA will not issue. A separate order follows.

June 7, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE