IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | |
| v. | * | Criminal No. PJM 97-0313 |
| | * | |
| CURTIS JAMES LAY | * | |
| | * | |
| Defendant | * | |

## MEMORANDUM OPINION

Curtis James Lay, proceeding *pro se*, has filed a "Motion Pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure, Plain Error" [Paper No. 120]. The Court will **DISMISS** the Motion.

### I.

On January 9, 1998, a jury convicted Lay of possession of ammunition by a convicted felon, 18 U.S.C. § 922G(1) ("Count 1") and possession with intent to distribute cocaine base; aiding and abetting, 21 U.S.C. § 841(a)(1) & 18(2) ("Count 2"). On April 2, 1998, the Court sentenced him to 120 months of imprisonment on Count 1 and 300 months of imprisonment on Count 2, to run concurrently. On June 27, 1999, the Fourth Circuit affirmed this sentence. On February 21, 2001, Lay's first 28 U.S.C. § 2255 Motion was denied. On April 20, 2009, pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced his sentence on Count 2 from 300 months to 235 months imprisonment. In May 2011, Lay filed a second § 2255 Motion, which was dismissed as a successive petition.

In 2012, Lay sought further reduction of his sentence on Count 2 to 125 months, under 18 U.S.C. § 3582. The Government opposed a reduction in sentence, and the Court declined to exercise its discretion to reduce the sentence, given the nature and seriousness of Lay's criminal

history. Lay's Motion for Reconsideration was denied, and the Fourth Circuit affirmed that decision on appeal.

Lay has now filed a "Motion Pursuant to Rule 52(b)" in which he says "plain error" was committed throughout the original proceedings, including at sentencing when the Court relied on "wrongful information" in the Presentence Report. Lay appears to be collaterally attacking his sentence while at the same time challenging the Court's denial of a further reduction of his sentence.

## II.

The statutory basis for this Motion is unclear. Federal Rule of Criminal Procedure 52(b) does not provide a basis for a collateral attack on a final judgment. *United States v. Smith*, 51 F. App'x 483, 2002 WL 31319384 (5th Cir. 2002) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)); *see also United States v. Lehi*, 208 F. App'x 672, 674 (10th Cir. 2006). The Rule "was intended for use on direct appeal ... [and] is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review." *Frady*, 456 U.S at 164 (1982).

While a collateral attack would be the more appropriate vehicle for challenging a final judgment, *Smith*, 2002 WL 31319384, because this would be Lay's third collateral attack, such a motion would not be permitted unless he first received approval from the Court of Appeals to pursue a successive § 2255 motion. The statutory limit on bringing successive § 2255 motions cannot be circumvented by styling the motion as made pursuant to Rule 52(b). To the extent Lay is seeking to file a § 2255 Motion, and there really is no other way to construe his request, the Court lacks jurisdiction to consider the motion unless directed by the Court of Appeals to do so.

*See* 28 U.S.C. §§ 2244 (b)(3)(A) and 2255; *In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).

To the extent Lay seeks reconsideration of the Court's denial of his latest 18 U.S.C. § 3582 motion, he has already filed both a Motion for Reconsideration and an Appeal with respect to that denial. The Court finds no reason to revisit its decision.

## VI.

For the foregoing reasons, Lay's "Motion Pursuant to Rule 52(b) of the Federal Rules of Criminal Procedure, Plain Error" [Paper No. 120] is **DISMISSED**.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**April 4, 2014**

\_\_\_\_ FILED  \_\_\_\_ ENTERED
\_\_\_\_ LOGGED  \_\_\_\_ RECEIVED

APR 07 2014

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY